IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BENITO RODRIGUEZ, SR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-229-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed

by petitioner BENITO RODRIGUEZ, SR. challenging the constitutional legality or validity of his state

court conviction and sentence.  For the following reasons, petitioner's habeas application should be

DENIED.

I.
STATEMENT OF THE CASE

On November 17, 2004, petitioner was charged by Indictment in the 31st Judicial District Court

of Hemphill County, Texas, with the first degree felony offense of aggravated sexual assault of his

then 22-year-old daughter in violation of section 22.021 of the Texas Penal Code.  Specifically, it was

alleged that on or about March 9, 2000, petitioner:

> [D]id then and there intentionally or knowingly cause the penetration of the sexual
> organ of [A.R.] by the [petitioner's] sexual organ, without the consent of [A.R.], and
> the [petitioner] did then and there by act or words threaten to cause or place [A.R.] in
> fear that serious bodily injury would be imminently inflicted on [A.R.], and said acts
> or words occurred in the presence of [A.R.].

*State v. Rodriguez*, No. 2623 [ECF 13-1 at 5].

On July 25-26, 2005, the case was tried before a jury.  [ECF 13-8 to -11].  On July 26, 2005, the jury found petitioner guilty of aggravated sexual assault as alleged in the Indictment.  [ECF 13-1 at 38].  Although petitioner, in the event of conviction, had applied for community supervision [ECF 13-1 at 20], the jury, on July 26, 2005, sentenced petitioner to ninety-nine (99) years imprisonment in the Texas Department of Criminal Justice, Institutional Division, and assessed a fine of $10,000.  [ECF 13-1 at 43].  That same date, the state trial court accepted the jury's verdict and sentence and entered a corresponding Judgment.  [ECF 13-13 at 47-49].

Petitioner filed a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas.  [ECF 13-1 at 59-60].  On August 31, 2007, the intermediate state appellate court, agreeing evidence challenged in the appeal was improperly admitted at trial but finding its admission did not present reversible error, affirmed the judgment of conviction.  *Rodriguez v. State*, No. 07-05-0304-CR.  [ECF 13-5 at 1-12].  Petitioner did not seek direct review of that ruling by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

On April 11, 2017, petitioner purportedly placed a state application for habeas corpus relief in the prison mail system collaterally attacking his conviction.  [ECF 13-15 at 3-19].  On August 16, 2017, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order.  *Ex parte Rodriguez*, No. 86,826-01.  [ECF 13-13 at 1].

At some point, presumably after receiving notice of the state court's denial of habeas relief, petitioner completed the instant form federal application for habeas corpus.  Petitioner did not, however, verify in the space provided on the form the date he placed the instant federal petition in the prison mail system, nor did he date his accompanying memorandum or *Application to Proceed In Forma Pauperis*.[1]  Moreover, the post mark on the transmittal envelope containing his petition and

---

[1]For purposes of the AEDPA, a federal petition is deemed filed on the date it is placed in the prison mail system.  *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

memorandum is not visible.  This Court received petitioner's application on November 30, 2017, at which time it was file-stamped and this federal habeas corpus proceeding opened.

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied effective assistance of trial counsel as a result of counsel's failure to:

    a. move to quash the Indictment for naming petitioner without the "Sr." suffix;

    b. object to the trial court's inadequate and/or erroneous jury charge;

    c. assert an incompetency defense based on petitioner's lack of mental capacity; and

    d. object to certain testimony as violative of the confrontation clause.

2. Petitioner was denied a fundamentally fair trial because the trial court's charge to the jury at the guilt-innocence stage of the trial was inadequate and/or erroneous;

3. Petitioner was incompetent to stand trial as a result of his below average intelligence and/or petitioner is too intellectually incapacitated to be punished or incarcerated for his actions in violation of the Eighth Amendment prohibition against cruel and unusual punishment;

4. Petitioner was denied a fundamentally fair trial and denied his right to confrontation when the trial court exhibited bias and abused its discretion in allowing a licensed counselor to testify as to hearsay statements made by the victim concerning petitioner's history of sexually abusing the victim prior to the date of the charged offense; and

5. Petitioner is actually innocent of the offense of aggravated sexual assault:

    a. because testimony and/or other evidence as to the date petitioner began sexually assaulting the victim was inconsistent;

    b. as a result of the above alleged errors; and

    c. "because the trial judge eased the prosecution's burden and switched the burden of proof beyond a reasonable doubt to the defendant."

III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs

of habeas corpus filed by state prisoners:

(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of-

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).


IV.
## RESPONDENT'S ANSWER

On March 29, 2018, respondent filed a Preliminary Answer asserting petitioner's habeas

application should be dismissed as time barred.  In her Preliminary Answer, respondent fully and

accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus

cases.  Respondent also set forth relevant dates in this case and analyzed the timeliness of petitioner's

habeas application.  Petitioner did not file a reply in opposition to respondent's Preliminary Answer.

V.
FINALITY OF CONVICTION

By responding to Question 26 in his form habeas application, petitioner effectively acknowledges his judgment of conviction "became final over one year" before filing the instant federal habeas petition. [ECF 3 at 10]. With regard to the finality of petitioner's conviction, the undersigned makes the following findings and/or conclusions:

1. Petitioner was sentenced on July 26, 2005. Petitioner filed a direct appeal of his conviction with the appropriate state intermediate appellate court who, on August 31, 2007, affirmed petitioner's conviction and sentence. Petitioner did not seek discretionary review of the intermediate appellate court's decision with the Texas Court of Criminal Appeals.

2. Petitioner's judgment of conviction became final on **October 1, 2007**, when the 30-day period to file a petition for discretionary review expired. Tex. R. App. P. 68.2(a); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

VI.
START OF THE LIMITATION PERIOD/ STATUTORY TOLLING

The limitations period shall run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review <u>unless</u> one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date. Here, petitioner does not *specifically* assert that the 1-year limitations period should start on any other date other than, or later than, the date his conviction became final, October 1, 2007. However, in his memorandum, petitioner does allege "newly discovered evidence" exists, *viz.*, the results of a TABE (Tests of Adult Basic Education) test administered to petitioner by the state prison system.

A. <u>Discovery Rule</u>

In an abundance of caution, the Court will construe petitioner's assertion of "newly discovered evidence" as an allegation that the limitation period did not begin until he discovered the results of this TABE test and, thereby, discovered the factual predicate of one or more of his claims. First, the test

was conducted on April 4, 2006 [ECF 4 at 34], a date <u>prior to</u> the October 1, 2007 date petitioner's

conviction became final.  Second, petitioner does not argue he could not have discovered the results of

this test through the exercise of due diligence until a date after his conviction became final.  Even if

petitioner were to make such an argument, the Court would not find such argument credible.  Third,

petitioner fails to identify any specific date as the date he allegedly discovered the test results, nor does

he provide any support for any contention that the limitation period began on such a later date.  Lastly,

petitioner's argument confuses the "factual predicate" date with the date petitioner may have obtained

purported "proof" to support his claim.  The Fifth Circuit has rejected such a notion.  *See Flanagan v.*

*Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) (the statutory right to delay the start of the limitation period

does not extend to the time permitted for gathering evidence in support of a claim).  Petitioner has not

demonstrated the discovery rule of section 2244(d)(1)(D) is applicable under these circumstances so

as to delay the start of the limitation period.

## B.  <u>Findings and Conclusions</u>

      With regard to the start of the 1-year limitation period, the undersigned makes the following

findings and conclusions:

1.    The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

2.    Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

3.    Petitioner's claims are not of such a nature that the factual predicate of the claims presented could not have been discovered, through the exercise of due diligence, until a date subsequent to the conclusion of petitioner's direct review of his conviction.

4.    The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A), that is **<u>October 1, 2007</u>**.

5.    Petitioner's federal habeas corpus petition was thus due on or before **<u>October 1, 2008</u>**, unless statutorily or equitably tolled.

6.      Petitioner's state habeas application challenging his conviction and sentence, filed April 11, 2017, was filed more than 8 ½ years <u>after</u> the limitation period had expired on October 1, 2008.  Consequently, the 1-year statute of limitations was not statutorily tolled.  *See Medley v. Thaler*, 660 F.3d 833, 834-35 (5th Cir. 2011).

VII.
<u>EQUITABLE TOLLING</u>

In response to Question 26, petitioner contends "the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar [his] petition" for the following reason:

Petitioner states his psychological evaluation by Dr. William J. Kleinpeter Ph.D. Clinical Psychologist written professional opinion, petitioner is not competent to stand trial.  Along with the constitutional violation, and the fact petitioner cannot read or write English or Spanish and if he did he would not be able to follow or understand what is being conveyed to him.

The undersigned construes this statement as an assertion that petitioner is entitled to equitable tolling of the limitation period.  Moreover, throughout his memorandum, petitioner appears to argue the limitation period should be equitably tolled because of his (1) limited intelligence and education, (2) lack of knowledge of legal matters, (3) inability to read or write English or Spanish, and (4) personal history of being subjected to child labor as an immigrant.

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing.  *Id*. at 649.  The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control."  *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016).  Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances.  *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th

Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Here, petitioner has not demonstrated he acted with the reasonable diligence required to justify equitable tolling of the limitation period. Petitioner did not file his state habeas application until more than 9½ years after the intermediate appellate court affirmed his conviction on direct review. Petitioner then waited an additional three (3) months after the Texas Court of Criminal Appeals denied his state habeas application to file this federal habeas petition asserting the same grounds. Petitioner does not specifically explain his 9½-year and 3-month delays in this case, nor does he otherwise allege facts showing he pursued review of his claims with the requisite diligence for equitable tolling of the limitation period. Given the extensive length of delay in filing this federal habeas proceeding and the absence of specific, yet unsuccessful, attempts to seek post-conviction relief, the undersigned finds petitioner has not demonstrated he pursued his rights diligently, thereby precluding <u>any</u> equitable tolling of the limitation period.

Petitioner appears to assert he is nonetheless entitled to equitable tolling because extraordinary circumstances beyond his control prevented his timely filing. Specifically, petitioner appears to assert the following rare and exceptional factors or circumstances warrant equitable tolling of the limitation period: petitioner's below average intelligence, resulting in his having only "the understanding of a child of (7-8) years old" and an inability to follow or understand what is being conveyed to him; his limited education together with his inability to read or write in English or Spanish; his limited English-speaking abilities; his lack of knowledge of legal matters; and his personal history of being subjected to child labor as an immigrant. [ECF 4 at 5, 15].

The undersigned initially notes petitioner's assertions of below average intelligence or other severe mental deficits are, for the most part, unsupported and conclusory.[2]  Moreover, even giving limited credence to such allegations, petitioner fails to even allege, much less specifically explain, how these admittedly restrictive factors fully prevented him from pursuing relief from what he contends is an invalid conviction.  *Cf. Heidle v. Dretke*, 2005 WL 81716 at *1 (N.D. Tex. Jan. 12, 2005) (unpublished) (denying equitable tolling where petitioner failed to allege or prove that "mental disabilities prevented him from seeking post-conviction review during the AEDPA limitations period."); *Hughes v. Cockrell*, 2003 WL 21510812 at *4 (N.D. Tex. 31, 2003 (rejecting claim that IQ of 81, standing along, entitled petitioner to equitable tolling).  Petitioner has not demonstrated he was, in fact, precluded from timely filing his habeas petitions as a result of such circumstances.  *Cf. Menning v. Dretke*, 2006 WL 1499681 at *2 (N.D. Tex. May 31, 2006) (denying equitable tolling where petitioner failed to adequately prove mental disability prevented him from asserting his legal rights).[3] In fact, petitioner's same alleged mental restrictions would presumably still exist and did not render him unable to pursue his legal rights in the state habeas proceeding and in this federal habeas action, albeit 8½ years after his conviction became final.

Similarly, petitioner's limited education is not a rare and exceptional circumstance justifying equitable tolling.  *See Taylor v. Thaler*, No. 3:10-CV-2009, 2011 WL 1045338 (N.D. Tex. Jan. 24, 2011), recommendation accepted, 2011 WL 1085160 (N.D. Tex. Mar. 22, 2011).  Nor is petitioner's illiteracy a sufficient basis to equitably toll the statute of limitations.  *See Turner v. Johnson*, 177 F.3d

---

[2]The partial psychological evaluation performed by Dr. Kleinpeter, purportedly in 1994, that petitioner has submitted with his memorandum, does not specifically indicate severe mental limitations.  The partial results from the 2006 TABE Test, while reflecting low scores in the various categories, do not specifically indicate petitioner has severe mental limitations, nor do the partial test results necessarily reflect petitioner's low scores were a result of anything other than his illiteracy.  [ECF 4 at 34, 35-44].

[3]Controlling legal precedence has held that episodes of exacerbated mental illness alone are generally insufficient to support equitable tolling.  *See Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008) (per curiam); *but see Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (a prisoner's mental incompetence and resulting circumstances that completely preclude a prisoner from filing for relief, while possibly qualifying as an exceptional circumstance, does not warrant equitable tolling if of short duration and due diligence is not demonstrated).

390, 392 (5th Cir.), *cert. denied,* 528 U.S. 1007 (1999); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

Petitioner also asserts his limited English-speaking ability is a factor warranting equitable tolling of the limitation period. The undersigned initially notes the existence of such a severe limitation is questionable,[4] but even giving limited credence to petitioner's assertion, finds petitioner fails to allege or in any way prove any lack of linguistic understanding or fluency made it impossible for him to meet the federal habeas corpus filing deadline to warrant equitable tolling. Likewise, petitioner's lack of knowledge of legal matters is not an extraordinary circumstance that would have totally prevented him from seeking post-conviction relief from his conviction. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000) (ignorance of the law, lack of legal training and/or unfamiliarity with the legal process are insufficient to equitably toll the statute of limitations).

Lastly, petitioner asserts his personal history of being subjected to child labor as an immigrant is an extraordinary circumstance that justifies equitable tolling of the limitation period. Petitioner's argument is unclear in this regard. Without significantly more, the undersigned finds this argument without merit.

Petitioner fails to demonstrate extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions or conditions, prevented him from timely seeking post-conviction relief from his conviction. Consequently, petitioner fails to demonstrate equitable tolling of the limitation period for filing a federal petition is warranted.

VIII.
<u>ACTUAL INNOCENCE</u>

Under Ground Five of his application, petitioner argues he is "actually innocent" of the offense

---

[4]The 1994 Kleinpeter psychological evaluation noted petitioner "speaks both English and Spanish," "thinks in Spanish and English depending on which language he is speaking," and "speaks English reasonably well." [ECF 4 at 36, 41].

of aggravated sexual assault:

1.    because testimony or other evidence as to the date petitioner began
      sexually assaulting the victim was inconsistent;

2.    as a result of the errors he alleges in this habeas application; and

3.    "because the trial judge eased the prosecution's burden and switched the
      burden of proof beyond a reasonable doubt to the defendant."

[ECF 3 at 8]. Although petitioner does not specifically argue actual innocence *as a gateway* for this Court to consider his time-barred claims, this Court has liberally construed petitioner's "actual innocence" claim as making such an argument.

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404, 113 S.Ct. 853 (1993)). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326-27 (1995*); see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623-24 (1998).

Petitioner does not, in either his application or his supporting memorandum, set out any facts or even argument in support of a claim that he is <u>factually innocent</u> of committing the aggravated sexual assault offense of which he was convicted. Instead, petitioner appears to base his "actual

innocence" claim solely on allegations of mental incapacity and/or a variance between the testimonial evidence and the charged offense. Petitioner does not assert a true claim of actual innocence, much less an exception to a procedural bar based on his actual innocence.

Even if petitioner's pleadings can be construed to assert a true claim of actual innocence, whether as a ground for relief or to establish a gateway for any time-barred claim, petitioner does not make the necessary showing of actual innocence. Petitioner fails to demonstrate actual innocence by presenting any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor does he show it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have convicted petitioner in light of the new evidence. In fact, petitioner does not assert any new potential defense to the charge or present any new evidence to support his innocence. Petitioner has not sufficiently demonstrated his "actual innocence" of the aggravated sexual assault offense as a gateway or means by which to avoid any time bar. Consequently, petitioner has not overcome the time bar for filing a federal habeas corpus petition.

Petitioner presents no newly discovered evidence that would undermine this Court's confidence regarding the state court's findings of guilt. Indeed, he merely appears to challenge the court of appeals' finding that the evidence was sufficient to support his conviction. Thus, petitioner has failed to present a credible claim of actual innocence by producing new evidence that is sufficient to persuade this Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 133 S.Ct. at 1928 (*quoting Schlup*, 513 U.S. at 329). Petitioner has not demonstrated an "actual innocence" exception to the time bar.

## IX.
### FINAL FINDINGS AND CONCLUSIONS

1.    The one-year statutory limitation period was not equitably tolled.

2.    Petitioner's federal habeas corpus application, filed **November 30, 2017** when it was received by this Court and filed-stamped, as there is no evidence of record indicating when petitioner placed the application in the state prison

mailing system, was filed long after the expiration of the statute of limitations and **is time barred**.

3.    An "actual innocence" exception to the time bar is not applicable to this case.

X.
RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Preliminary Answer filed March 29, 2018 [ECF 11], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner BENITO RODRIGUEZ, SR. be DENIED.

XI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 13, 2019.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54:FCR:SOL:RODRIGUEZ-229.NOPET-AI:2